# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **MARY BLEICK**, *et al.* | Case No. 2:25-cv-01140 |
| Plaintiffs, | Judge Algenon L. Marbley |
| v. | Magistrate Judge Elizabeth Preston Deavers |
| **SHERYL MAXFIELD**, *in her official capacity as Director of Commerce, et al.* | |
| Defendants. | |

## RULE 26(F) REPORT

Pursuant to Federal Rule of Civil Procedure 26(f), a meeting was held on October 27, 2025 and was attended by:

Marc Dann and Jeffrey A. Crossman, counsel for plaintiff(s) Mary Bleick, *et al.*

Aneca E. Lasley and Joshua Klarfeld, counsel for defendant(s) Sheryl Maxfield, in her capacity as Director of Commerce, *et al.*

Counsel represent that, during the meeting, they engaged in a meaningful attempt to meet and confer on the matters outlined below.

1. CONSENT TO MAGISTRATE JUDGE

Do the parties consent to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)?

\_\_\_\_\_Yes   _X_ No

2. INITIAL DISCLOSURES

Have the parties agreed to make initial disclosures?

_X_ Yes   \_\_\_\_\_No   \_\_\_\_\_The proceeding is exempt under Rule 26(a)(1)(B)

If yes, such initial disclosures shall be made by December 5, 2025

3. VENUE AND JURISDICTION

Are there any contested issues related to venue or jurisdiction?

 X  Yes  ___ No

If yes, describe the issue:

Defendants have a pending *Motion to Dismiss or Stay Plaintiffs' Complaint on Abstention Grounds* which was filed on October 6, 2025 and the Plaintiffs have filed their Response in Opposition as of October 20, 2025. *See* Doc. 3 and Doc. 15. Briefing on the Motion will be complete by the time the Court holds the scheduled Case Management Conference.

4. PARTIES AND PLEADINGS

    a. The parties agree that any motion or stipulation to amend the pleadings or to join additional parties shall be filed by February 9, 2026 in the event this case survives Defendants' jurisdictional challenge.

    b. If the case is a class action, the parties agree that the motion for class certification shall be filed by October 30, 2026. The Parties will file any oppositions and replies in accordance with the applicable Rules.

5. MOTIONS

    a. Are there any pending motion(s)?

     X  Yes  ____ No

If yes, indicate which party filed the motion(s), and identify the motion(s) by name and docket number:

Plaintiffs intend to file a motion seeking a preliminary injunction by October 31, 2025.

Defendants have a pending *Motion to Dismiss or Stay Plaintiffs' Complaint on Abstention Grounds* which was filed on October 6, 2025 and the Plaintiffs have filed their Response in Opposition as of October 20, 2025. *See* Doc. 3 and Doc. 15. Briefing on the Motion will be complete by the time the Court holds the scheduled Case Management Conference.

    b. Are the parties requesting expedited briefing on the pending Motions?

     ___ Yes   X  No

    Opposition to be filed by_____; Reply brief to be filed by_____.

6. ISSUES

Jointly provide a brief description of case, including causes of action set forth in the complaint, and indicate whether there is a jury demand:

Plaintiffs filed this putative class action complaint seeking to certify a class of all similarly situated individuals and entities whose funds are being held in the Ohio Unclaimed Funds Trust Fund on or after June 30, 2025 through the date of judgment alleging (1) Violations of U.S. CONST. amend. V, XIV and/or 42 U.S.C. § 1983 based upon Defendants' intention to reallocate the funds in the Ohio Unclaimed Funds Trust for private use without just compensation or due process, (2) Violations of U.S. CONST. amend. XIV and/or 42 U.S.C. § 1983 based upon the failure of Defendants to provide the Plaintiffs and putative class members with any direct notice or opportunity to object to the confiscation of their funds in being held in the Ohio Unclaimed Funds Trust Fund as contemplated by H.B. 96, (3) Violations of Article I, Section 19 of the Ohio Constitution based upon Defendant's failure to provide the Plaintiffs and putative class members with any direct notice or opportunity to object to the confiscation of their funds in being held in the Ohio Unclaimed Funds Trust Fund as contemplated by H.B. 96, (4) Breach of Fiduciary Duty pursuant to R.C. 169.01, *et seq*. based upon the alteration of property rights of the Plaintiffs and putative class members and eventual confiscation of their funds in being held in the Ohio Unclaimed Funds Trust Fund as contemplated by H.B. 96, (5) Violations of Ohio Const., Art II, § 15(D) as H.B. 96 violates the "single subject" rule, (6) Declaratory Judgment pursuant to 28 U.S.C. §§ 2201, *et seq*. and/or Civ. R. 57 seeking a declaration from this Court that enforcement and/or implementation by the Defendants of H.B. 96 violates the 5th Amendment and the 14th Amendment as well as the applicable parallel provisions of the Ohio Constitution, and (7) Declaratory Relief seeking a declaration of this Court that the enactment of R.C. 169.08(I) violates Ohio's Constitution and any attempts by the Defendants to exercise any powers granted thereunder would be ultra vires. Plaintiffs are seeking class certification, declaratory relief, injunctive relief, and an award of Plaintiffs' reasonable attorney's fees and costs. Plaintiffs are seeking a trial by jury.

Defendants maintain that this litigation is improper for the reasons asserted in their Motion to Dismiss, and do not waive any arguments relating to additional defenses, including sovereign immunity, Plaintiffs' lack of standing, and Plaintiffs' failure to exhaust administrative remedies, among others. In the event Defendants' pending Motion to Dismiss is not granted, Defendants intend to fully brief the other issues and defenses that preclude this lawsuit from continuing. Further, Defendants deny that there is any merit to Plaintiffs' claims or that this lawsuit should proceed as a class action. Plaintiffs are not entitled to a trial by jury.

7. DISCOVERY PROCEDURES

   a. The parties agree that all discovery shall be completed by September 11, 2026. The parties agree to schedule their discovery in such a way as to require all responses to discovery to be served prior to the cut-off date, and to file any motions relating to discovery within the discovery period unless it is impossible or impractical to do so. If the parties are unable to reach an agreement on any matter related to discovery, they are directed to arrange a conference with the Court. To initiate a telephone conference, counsel are directed to join together on one line and then call the Magistrate Judge's chambers or provide the Court with a call -in number.

   b. Do the parties anticipate the production of ESI?  X  Yes  ___No

If yes, describe the protocol for such production: The parties will attempt to submit an agreed protocol as part of a protective order.

    c. Do the parties intend to seek a protective order or clawback agreement? <u>Yes</u>.

    If yes, such order or agreement shall be produced to the Court by <u>December 5, 2025</u>.

8. <u>DISPOSITIVE MOTIONS</u>

    a. Any dispositive motions shall be filed by October 30, 2026

    b. Are the parties requesting expedited briefing on dispositive motions?
    ___ Yes     _X_ Not at this time.

    Opposition to be filed by_____; Reply brief to be filed by_____.

9. <u>EXPERT TESTIMONY</u>

    a. Primary expert reports must be produced by <u>April 17, 2026</u>.

    b. Rebuttal expert reports must be produced by <u>June 5, 2026</u>.

10. <u>SETTLEMENT</u>

Plaintiff(s) will make a settlement demand by <u>December 12, 2025</u>. Defendant will respond by <u>January 16, 2026</u>. The parties agree to make a good faith effort to settle this case. The parties understand that this case will be referred to an attorney mediator, or to the Magistrate Judge, for a settlement conference. The Court refers cases to settlement throughout the year. The parties request the following month and year:

March 2026

In order for the conference to be meaningful, the parties agree to complete all discovery that may affect their ability to evaluate this case prior to the settlement conference. The parties understand that they will be expected to comply fully with the settlement conference orders which require, *inter alia*, that settlement demands and offers be exchanged prior to the conference and that principals of the parties attend the conference.

11. <u>RULE 16 PRETRIAL CONFERENCE</u>

Do the parties request a scheduling conference?

_X_____Yes, the parties would like a conference with the Court prior to it issuing a scheduling order. The conference is already scheduled to take place telephonically at 11:30 a.m. on November 4, 2025.

___ No, a conference is not necessary; the Court may issue a scheduling order after

considering this Report.

12.   OTHER MATTERS

Indicate any other matters for the Court's consideration:

Plaintiffs and Defendants have additionally conferred on Plaintiffs' Motion for Preliminary Injunction and propose the following briefing schedule:

>   Opposition to be filed by <u>December 1, 2025</u>; Reply brief to be filed by <u>December 15, 2025.</u>
>
>   Plaintiffs intend to request a hearing prior to the escheatment date of January 1, 2026.

The Parties anticipate the need to file a Motion to Amend any case scheduling order issued by this Court based upon the outcome of the Motion to Dismiss.

Respectfully Submitted,

| | |
|---|---|
| /s/Brian D. Flick<br>Brian D. Flick (0081605)<br>Jeffrey A. Crossman (0073461)<br>Marc E. Dann (0039425)<br>DannLaw<br>15000 Madison Ave.<br>Lakewood, OH 44107<br>Telephone: (216) 373-0539<br>Facsimile: (216) 373-0536<br>notices@dannlaw.com | /s/ Aneca E. Lasley (per email consent Oct. 28. 2025)<br>Aneca E. Lasley (OH 0072366)<br>Andrea E. Howell (OH 0101138)<br>ICE MILLER LLP<br>250 West Street, Suite 700<br>Columbus, Ohio 43215<br>Tel: (614) 462-2700/Fax: (614) 462-5135<br>Aneca.Lasley@icemiller.com<br>Andrea.Howell@icemiller.com |
| William W. Palmer*<br>*Motion to Appear Pro Hac Vice Pending<br>Palmer Law Group, a PLC<br>907 Westwood Boulevard, No. 218<br>Los Angeles, CA 90024<br>Telephone: (310) 984-5074<br>Facsimile: (310) 491-0919<br>wpalmer@palmercorp.com | Joshua Klarfeld (OH 0079833)<br>ICE MILLER LLP<br>600 Superior Ave East, Suite 1300<br>Cleveland, OH 44114<br>Tel: (216) 394-5063<br>Joshua.Klarfeld@icemiller.com |
| *Attorneys for Plaintiffs and the putative class* | *Special Counsel for Defendants Sheryl Maxfield (in her official capacity as Director of the Ohio Department of Commerce), Akil Hardy (in his official capacity as Superintendent of the Ohio Division of Unclaimed Funds), Robert Sprague (in his official capacity as Ohio Treasurer), and Joy Bledsoe (in her official capacity as Executive Director of the Ohio Facilities Construction Commission)* |

## CERTIFICATE OF SERVICE

  It is hereby certified that on October 28, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record through the ECF system.

                /s/ Brian D. Flick
                Brian D. Flick (0081605)
                Marc E. Dann (0039425)
                Jeffrey A. Crossman (0073461)
                DannLaw
                *Co-Counsel for Plaintiffs and putative class*