IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MARY BLEICK,** *et al.,*

       **Plaintiff,**

  v.                                      **Civil Action 2:25-cv-1140**
                                                      **Judge Algenon L. Marbley**
                                                      **Magistrate Judge Elizabeth P. Deavers**

**SHERYL MAXFIELD,** *et al.,*

       **Defendant.**

## PRELIMINARY PRETRIAL ORDER

      Based upon the parties' Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the Court **ADOPTS** the following schedule:

INITIAL DISCLOSURES

Any initial disclosures shall be made by **DECEMBER 5, 2025**.

VENUE AND JURISDICTION

Defendants have a pending Motion to Dismiss or Stay Plaintiffs' Complaint on Abstention Grounds which was filed on October 6, 2025 and the Plaintiffs have filed their Response in Opposition as of October 20, 2025. See Doc. 3 and Doc. 15.

PARTIES AND PLEADINGS

Any motion to amend the pleadings or to join additional parties shall be filed by **FEBRUARY 9, 2026**.

Any motion for class certification shall be filed by **OCTOBER 30, 2026**.

ISSUES

Plaintiffs filed this putative class action complaint seeking to certify a class of all similarly situated individuals and entities whose funds are being held in the Ohio Unclaimed Funds Trust Fund on or after June 30, 2025 through the date of judgment alleging (1) Violations of U.S. CONST. amend. V, XIV and/or 42 U.S.C. § 1983 based upon Defendants' intention to reallocate the funds in the Ohio Unclaimed Funds Trust for private use without just compensation or due process, (2) Violations of U.S. CONST. amend. XIV and/or 42 U.S.C. § 1983 based upon the failure of Defendants to provide the Plaintiffs and putative class members with any direct notice

or opportunity to object to the confiscation of their funds in being held in the Ohio Unclaimed Funds Trust Fund as contemplated by H.B. 96, (3) Violations of Article I, Section 19 of the Ohio Constitution based upon Defendant's failure to provide the Plaintiffs and putative class members with any direct notice or opportunity to object to the confiscation of their funds in being held in the Ohio Unclaimed Funds Trust Fund as contemplated by H.B. 96, (4) Breach of Fiduciary Duty pursuant to R.C. 169.01, et seq. based upon the alteration of property rights of the Plaintiffs and putative class members and eventual confiscation of their funds in being held in the Ohio Unclaimed Funds Trust Fund as contemplated by H.B. 96, (5) Violations of Ohio Const., Art II, § 15(D) as H.B. 96 violates the "single subject" rule, (6) Declaratory Judgment pursuant to 28 U.S.C. §§ 2201, et seq. and/or Civ. R. 57 seeking a declaration from this Court that enforcement and/or implementation by the Defendants of H.B. 96 violates the 5th Amendment and the 14th Amendment as well as the applicable parallel provisions of the Ohio Constitution, and (7) Declaratory Relief seeking a declaration of this Court that the enactment of R.C. 169.08(I) violates Ohio's Constitution and any attempts by the Defendants to exercise any powers granted thereunder would be ultra vires. Plaintiffs are seeking class certification, declaratory relief, injunctive relief, and an award of Plaintiffs' reasonable attorney's fees and costs. Plaintiffs are seeking a trial by jury.

Defendants maintain that this litigation is improper for the reasons asserted in their Motion to Dismiss, and do not waive any arguments relating to additional defenses, including sovereign immunity, Plaintiffs' lack of standing, and Plaintiffs' failure to exhaust administrative remedies, among others. In the event Defendants' pending Motion to Dismiss is not granted, Defendants intend to fully brief the other issues and defenses that preclude this lawsuit from continuing. Further, Defendants deny that there is any merit to Plaintiffs' claims or that this lawsuit should proceed as a class action. Plaintiffs are not entitled to a trial by jury.

DISCOVERY PROCEDURES

All discovery shall be completed by **SEPTEMBER 11, 2026**. For purposes of complying with this order, all parties shall schedule their discovery in such a way as to require all responses to discovery to be served prior to the cut-off date and shall file any motions relating to discovery within the discovery period unless it is impossible or impractical to do so. *If the parties are unable to reach an agreement on any matter related to discovery, they are directed to arrange a conference with the Court.*

The parties will attempt to submit an agreed protocol as part of a protective order.

Any proposed protective order or clawback agreement shall be filed with the Court by **DECEMBER 5, 2025**. A Word version of the proposed protective order should be sent to deavers_chambers@ohsd.uscourts.gov, for the Undersigned's signature. Any provision related to sealing must comply with S.D. Ohio Civ. R. 5.2.1. Form protective orders are available on the Court's website.

DISPOSITIVE MOTIONS

Any dispositive motion shall be filed by **OCTOBER 30, 2026**.

EXPERT TESTIMONY

Primary expert reports must be produced by **APRIL 17, 2026**. Rebuttal expert reports must be produced by **JUNE 5, 2026**. If the expert is specifically retained, the reports must conform to Fed. R. Civ. P. 26(a)(2)(B), unless otherwise agreed to by the parties.  If the expert is not specifically retained, the reports must conform to Fed. R. Civ. P. 26(a)(2)(C), unless otherwise agreed to by the parties.  Pursuant to Fed. R. Civ. P. 26(b)(4)(A), leave of court is not required to depose a testifying expert.

SETTLEMENT

Plaintiff shall make a settlement demand by **DECEMBER 12, 2025**. Defendants shall respond by **JANUARY 16, 2026**.  The parties agree to make a good faith effort to settle this case.  The parties understand that this case will be referred to an attorney mediator, or to the Magistrate Judge, for a settlement conference in **MARCH 2026**.  In order for the conference to be meaningful, the parties agree to complete all discovery that may affect their ability to evaluate this case prior to the settlement conference.  The parties understand that they will be expected to comply fully with the settlement order which requires *inter alia* that settlement demands and offers be exchanged prior to the conference and that principals of the parties attend the conference.

OTHER MATTERS

Plaintiff's Motion for Preliminary Injunction filed on October 31, 2025; Opposition to be filed by **DECEMBER 1, 2025**; Reply brief to be filed by **DECEMBER 15, 2025**.

If the foregoing does not accurately record the matters considered and the agreements reached at the conference, counsel will please immediately make their objection in writing.  If any date set in this order falls on a Saturday, Sunday or legal holiday, the date is automatically deemed to be the next regular business day.

**IT IS SO ORDERED.**


Date:  November 3, 2025                   */s/ Elizabeth A. Preston Deavers*
                                          **ELIZABETH A. PRESTON DEAVERS**
                                          **UNITED STATES MAGISTRATE JUDGE**