**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARY BLEICK, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.: 2:25-cv-01140-EAS-EPD |
| | ) | |
| v. | ) | Judge Edmund A. Sargus, Jr. |
| | ) | |
| SHERYL MAXFIELD, in her official | ) | Magistrate Judge Elizabeth P. Deavers |
| capacity as Director of Commerce, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT

Defendants Sheryl Maxfield (in her official capacity as Director of the Ohio Department of Commerce), Akil Hardy (in his official capacity as Superintendent of the Ohio Division of Unclaimed Funds), Robert Sprague (in his official capacity as Ohio Treasurer), and Joy Bledsoe (in her official capacity as Executive Director of the Ohio Facilities Construction Commission) (collectively, "Defendants"), through their undersigned counsel, for their Answer and Defenses to Plaintiffs Mary Bleick, Todd Butler, Allen Skierski and Gary Petrime's ("Plaintiffs") Complaint, state:

1.      Defendants admit that Plaintiffs filed this lawsuit attempting to allege an unconstitutional and unlawful taking of private property; however, Defendants deny any and all allegations that the challenged legislation is unconstitutional or would result in an unlawful taking of private property., Defendants deny all other allegations in Paragraph 1 of the Complaint.

2.      Defendants deny the allegations in Paragraph 2 of the Complaint.

3.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 of the Complaint relating to Plaintiffs' state of residency and,

therefore deny, those allegations. Defendants deny all remaining allegations in Paragraph 3 of the Complaint.

4.       Defendants admit that Plaintiffs seek the relief stated but deny that Plaintiffs are entitled to the relief stated or to any other relief. Defendants deny all remaining allegations in Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5.       The allegations in Paragraph 5 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants admit this Court would have subject matter jurisdiction over the claims Plaintiffs have attempted to assert under the United States Constitution or 42 U.S.C. § 1983; however, Plaintiffs lack standing to assert those claims. Additionally, this Court lacks subject matter jurisdiction over Plaintiffs' state law claims, which are barred by sovereign immunity. Defendants deny all remaining allegations in Paragraph 5 of the Complaint.

6.       The allegations in Paragraph 6 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 6 of the Complaint.

7.       Defendants do not challenge venue in this Court separate and apart from their jurisdictional denials; however, Defendants deny there have been any events or omissions giving rise to valid claims. Defendants deny all remaining allegations in Paragraph 7 of the Complaint.

## INTRODUCTION AND BACKGROUND
## Ohio Changes Its Unclaimed Funds Act to Take Private Property[1]

8.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 of the Complaint and, therefore, deny those allegations. Defendants also deny that this case should proceed as a class action.

9.      The allegations in Paragraph 9 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 9 of the Complaint.

10.     Defendants deny the allegations in Paragraph 10 of the Complaint.

11.     Defendants deny the allegations in Paragraph 11 of the Complaint.

12.     Defendants deny the allegations in Paragraph 12 of the Complaint.

13.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 of the Complaint and, therefore, deny those allegations.

14.     Defendants deny the allegations in Paragraph 14 of the Complaint.

15.     Paragraph 15 of the Complaint contains legal conclusions to which no response is required; to the extent a response is required, Defendants admit that R.C. 169.01, *et seq.*, sets forth Ohio's Unclaimed Funds law. Defendants deny all other allegations in Paragraph 15 of the Complaint.

16.     Defendants deny the allegations in Paragraph 16 of the Complaint.

17.     Defendants deny the allegations in Paragraph 17 of the Complaint.

18.     Defendants deny the allegations in Paragraph 18 of the Complaint.

19.     Defendants deny the allegations in Paragraph 19 of the Complaint.

---

[1] Defendants restate all headings from the Complaint in their Answer for purposes of clarity. To the extent those headings contain allegations, Defendants expressly deny them.

20.     Defendants deny the allegations in Paragraph 20 of the Complaint.

21.     The allegations in Paragraph 21 of the Complaint contain legal conclusions to which no response is required; to the extent that a further response is required, Defendants deny those allegations.

22.     The allegations in Paragraph 22 of the Complaint contain legal conclusions to which no response is required and, regardless, constitute a mischaracterization of R.C. 169, House Bill 96, and the UFTF process. To the extent a response is required, Defendants deny the allegations in Paragraph 22 of the Complaint.

23.     The allegations in Paragraph 23 of the Complaint contain legal conclusions to which no response is required and, regardless, constitute a mischaracterization of R.C. 169, House Bill 96, and the UFTF process. To the extent a response is required, Defendants deny the allegations in Paragraph 23 of the Complaint.

24.     The allegations in Paragraph 24 of the Complaint contain legal conclusions to which no response is required and, regardless, constitute a mischaracterization of R.C. 169, House Bill 96, and the UFTF process. To the extent a response is required, Defendants deny the allegations in Paragraph 24 of the Complaint.

25.     The allegations in Paragraph 25 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 25 of the Complaint.

26.     Defendants admit that the General Assembly passed House Bill 96 and that House Bill 96 was Ohio's biennial budget bill. Defendants further admit that House Bill 96 included amendments to Chapter 169 of the Ohio Revised Code. Defendants deny all other allegations in Paragraph 26 of the Complaint.

27.     Defendants admit that Governor DeWine signed House Bill 96 on or about June 30, 2025. Defendants deny all other allegations in Paragraph 27 of the Complaint.

28.     The allegations in Paragraph 28 of the Complaint contain legal conclusions to which no response is required and, regardless, constitute a mischaracterization of R.C. 169, House Bill 96, and the UFTF process. To the extent a response is required, Defendants deny the allegations in Paragraph 28 of the Complaint.

29.     The allegations in Paragraph 29 of the Complaint contain legal conclusions to which no response is required and, regardless, constitute a mischaracterization of R.C. 169, House Bill 96, and the UFTF process. To the extent a response is required, Defendants deny the allegations in Paragraph 29 of the Complaint.

30.     The allegations in Paragraph 30 of the Complaint contain legal conclusions to which no response is required and, regardless, constitute a mischaracterization of R.C. 169, House Bill 96, and the UFTF process. To the extent a response is required, Defendants deny the allegations in Paragraph 30 of the Complaint.

31.     Defendants deny the allegations in Paragraph 31 of the Complaint.

32.     The allegations in Paragraph 32 of the Complaint include legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 32 of the Complaint.

## The State is Taking and Liquidating Individuals' Property For The Benefit of a Private Enterprise

33.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 of the Complaint.

34.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 of the Complaint.

35.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 of the Complaint and, therefore, deny those allegations.

36.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36 of the Complaint and, therefore, deny those allegations.

37.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37 of the Complaint and, therefore, deny those allegations.

38.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38 of the Complaint and, therefore, deny those allegations.

39.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39 of the Complaint and, therefore, deny those allegations.

40.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40 of the Complaint and, therefore, deny those allegations.

41.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41 of the Complaint and, therefore, deny those allegations.

42.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42 of the Complaint and, therefore, deny those allegations.

43.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43 of the Complaint and, therefore, deny those allegations.

44.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44 of the Complaint and, therefore, deny those allegations.

45.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45 of the Complaint and, therefore, deny those allegations.

46.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46 of the Complaint and, therefore, deny those allegations.

47.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47 of the Complaint and, therefore, deny those allegations.

48.     Defendants deny the allegations in Paragraph 48 of the Complaint.

49.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49 of the Complaint and, therefore, deny those allegations.

50.     Defendants deny the piecemeal characterization of the "Browns Stadium Funding" Memorandum prepared by the Legislative Services Commission and attached to the Complaint as Exhibit A, which speaks for itself. Defendants deny all other allegations in Paragraph 50 of the Complaint.

51.     Defendants deny the allegations in Paragraph 51 of the Complaint.

52.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52 of the Complaint and, therefore, deny those allegations..

53.     Defendants deny the allegations in Paragraph 53 of the Complaint.

54.     Defendants deny the allegations in Paragraph 54 of the Complaint.

55.     Defendants deny the allegations in Paragraph 55 of the Complaint.

56.     Defendants deny the allegations in Paragraph 56 of the Complaint.

57.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57 of the Complaint relating to Jimmy Haslam's and other football franchise owners' purported wealth. Defendants deny all other allegations in Paragraph 57 of the Complaint.

58.     Defendants deny the piecemeal characterization of the letter from the Ohio Attorney General to Governor DeWine dated June 27, 2025, and attached to the Complaint as Exhibit B, which speaks for itself. Defendants deny all other allegations in Paragraph 58 of the Complaint.

59.     Defendants deny the piecemeal characterization of the letter from the Ohio Attorney General to Governor DeWine dated June 27, 2025, and attached to the Complaint as Exhibit B, which speaks for itself. Defendants deny all other allegations in Paragraph 59 of the Complaint.

60.     Paragraph 60 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 60 of the Complaint.

61.     Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 61 of the Complaint and, therefore, deny those allegations.

62.     Defendants admit the allegations contained within Paragraph 62.

63.     Defendants deny the piecemeal characterization of House Bill 96 and state that the bill speaks for itself. Defendants admit that HB 96 requires the Director of Commerce to certify funds from the UFTF and redirect the funds to the State Treasurer, but deny all other allegations in Paragraph 63.

64.     Defendants deny the allegations in Paragraph 64 of the Complaint.

65.     Defendants deny the allegations in Paragraph 65 of the Complaint.

66.     Defendants deny the allegations in Paragraph 66 of the Complaint.

67.     Defendants deny the allegations in Paragraph 67 of the Complaint.

68.     Paragraph 68 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 68 of the Complaint.

69.     Defendants deny the allegations in Paragraph 69 of the Complaint.

70.     The allegations in Paragraph 70 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71.     Defendants deny the allegations in Paragraph 71 of the Complaint.

72.     Defendants deny the allegations in Paragraph 72 of the Complaint.

73.     Defendants deny the allegations in Paragraph 73 of the Complaint.

## **CLASS ACTION ALLEGATIONS**

74.     Responding to Paragraph 74 of the Complaint, Defendants admit that Plaintiffs purport to bring this action individually and as a class action, but deny that either are proper.

75.     Responding to Paragraph 75 of the Complaint, Defendants admit that Plaintiffs purport to bring this action individually and as a class action with the class they propose to define, but deny that either are proper or that the proposed class can or should be certified. Defendants deny all other allegations in Paragraph 75 of the Complaint.

76.     Responding to Paragraph 76 of the Complaint, Defendants admit that Plaintiffs purport to bring this action individually and as a class action with the class they propose to define, but deny that either are proper or that the proposed class can or should be certified. Defendants deny all other allegations in Paragraph 76 of the Complaint.

77.     Paragraph 77 of the Complaint does not contain any allegations. To the extent it is deemed to contain allegations, Defendants deny the allegations in Paragraph 77 of the Complaint.

78.     Defendants deny the allegations in Paragraph 78 of the Complaint.

79.     Defendants deny the allegations in Paragraph 79 of the Complaint and subparagraphs (a)-(f).

80.     Defendants deny the allegations in Paragraph 80 of the Complaint.

81.     Defendants deny the allegations in Paragraph 81 of the Complaint.

82.     Defendants deny the allegations in Paragraph 82 of the Complaint.

83.     Defendants deny the allegations in Paragraph 83 of the Complaint.

84.     Defendants deny the allegations in Paragraph 84 of the Complaint.

85.     Paragraph 85 constitutes legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 85 of the Complaint.

86.     Defendants deny the allegations in Paragraph 86 of the Complaint.

87.     Defendants admit the allegations contained within Paragraph 87.

88.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 88 of the Complaint and, therefore, denies those allegations.

89.     The allegations in Paragraph 89 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants admit the funds held in the UFTF before the enactment of House Bill 96 were held in trust for owners of those funds or their heirs. Defendants deny all other allegations in Paragraph 89 of the Complaint.

90.     Paragraph 90 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 90 of the Complaint.

91.     Paragraph 91 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 91 of the Complaint.

92.     Defendants deny the allegations in Paragraph 92 of the Complaint.

### COUNT I
**TAKINGS CLAUSE**
**(U.S. CONST. amend. V, XIV; 42 U.S.C. § 1983)**
**(On behalf of Plaintiffs and the Class)**

93.     In response to Paragraph 93 of the Complaint, Defendants restate and incorporate by reference their answers to all prior Paragraphs of the Complaint.

94.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 94 of the Complaint and, therefore, denies those allegations.

95.     Defendants deny the allegations in Paragraph 95 of the Complaint.

96.     The allegations in Paragraph 96 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained within Paragraph 96 of the Complaint.

97.     Paragraph 97 includes a legal statement to which no response is required. To the extent a response is required, Defendants admit that the Fifth Amendment, in part, states the quote contained within Paragraph 97.

98.     Defendants deny the allegations in Paragraph 98 of the Complaint.

99.     Defendants deny the allegations in Paragraph 99 of the Complaint.

100.     Defendants deny the allegations in Paragraph 100 of the Complaint.

**COUNT II**
**DUE PROCESS CLAUSE**
**(U.S. CONST. amend. XIV; 42 U.S.C. § 1983)**
**(On behalf of Plaintiffs and the Class)**

101.     In response to Paragraph 101 of the Complaint, Defendants restate and incorporate by reference their answers to all prior Paragraphs of the Complaint.

102.     In response to Paragraph 102 of the Complaint, Defendants state that House Bill 96 speaks for itself. To the extent a further response is required, Defendants deny the allegations in Paragraph 102 of the Complaint.

103.     In response to Paragraph 103, Defendants state that Plaintiffs mischaracterize the Fifth Amendment, and states that House Bill 96 speaks for itself. Defendants deny all other allegations in Paragraph 103 of the Complaint.

104.     The allegations in Paragraph 104 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants admit the allegations in Paragraph 104 of the Complaint.

105.     Paragraph 105 constitutes legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 105 of the Complaint.

106.     Defendants deny the allegations in Paragraph 106 of the Complaint.

**COUNT III**
**VIOLATION OF ARTICLE I, SECTION 19, OHIO CONSTITUTION**
**(On behalf of Plaintiffs and the Class)**

107.     In response to Paragraph 107 of the Complaint, Defendants restate and incorporate by reference their answers to all prior Paragraphs of the Complaint.

108.    The allegations in Paragraph 108 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 108 of the Complaint.

109.    The allegations in Paragraph 109 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 109 of the Complaint.

110.    The allegations in Paragraph 110 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 110 of the Complaint.

111.    Defendants states that Paragraph 111 of the Complaint contains a true and accurate quote of the Ohio Constitution.

112.    The allegations in Paragraph 112 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants state that Plaintiffs mischaracterize the Ohio Constitution, and Defendants deny all other allegations in Paragraph 112 of the Complaint.

113.    The allegations in Paragraph 113 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants state that Plaintiffs mischaracterize the Ohio Constitution, and Defendants deny all other allegations in Paragraph 113 of the Complaint.

114.    The allegations in Paragraph 114 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants state that Plaintiffs mischaracterize the Ohio Constitution and House Bill 96, and Defendants deny all other allegations in Paragraph 114 of the Complaint.

115. Defendants deny the allegations in Paragraph 115 of the Complaint.

116. The allegations in Paragraph 116 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 116 of the Complaint.

117. The allegations in Paragraph 117 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 117 of the Complaint.

118. The allegations in Paragraph 118 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 118 of the Complaint.

119. Defendants deny the allegations in Paragraph 119 of the Complaint.

<u>**COUNT IV**</u>
**BREACH OF FIDUCIARY DUTY UNDER R.C. 169.01, et seq.**
**(On behalf of Plaintiffs and the Class)**

120. In response to Paragraph 120 of the Complaint, Defendants restate and incorporate by reference their answers to all prior Paragraphs of the Complaint.

121. The allegations in Paragraph 121 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 121 of the Complaint.

122. The allegations in Paragraph 122 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 122 of the Complaint.

123.     The allegations in Paragraph 123 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 123 of the Complaint.

124.     The allegations in Paragraph 124 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 124 of the Complaint.

### COUNT V
**VIOLATION OF THE OHIO CONSTITUTION – SINGLE SUBJECT RULE**
**(Ohio Const., Art. II, § 15(D))**
**(On behalf of Plaintiffs and the Class)**

125.     In response to Paragraph 125 of the Complaint, Defendants restate and incorporate by reference their answers to all prior Paragraphs of the Complaint.

126.     The allegations in Paragraph 126 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 126 of the Complaint.

127.     The allegations in Paragraph 127 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Paragraph 127 of the Complaint is contains a complete quote of Article II, Section 15(D) of the Ohio Constitution. Defendants deny all other allegations in Paragraph 127 of the Complaint.

128.     The allegations in Paragraph 128 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Paragraph 128 of the Complaint contains a partial quote from *State ex rel. Ohio Acad. of Trial Lawyers v. Sheward*, 86 Ohio St. 3d 451 (1999). Defendants deny all other allegations in Paragraph 128 of the Complaint.

129.     The allegations in Paragraph 129 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 129 of the Complaint.

130.     The allegations in Paragraph 130 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 130 of the Complaint.

131.     The allegations in Paragraph 131 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 131 of the Complaint, including subparagraphs (a)-(e).

132.     The allegations in Paragraph 132 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 132 of the Complaint.

## <u>COUNT VI</u>
### DECLARATORY JUDGMENT (28 U.S.C. §§ 2201–2202; Fed. R. Civ. P. 57)
#### (On behalf of Plaintiffs and the Class)

133.     In response to Paragraph 133 of the Complaint, Defendants restate and incorporate by reference their answers to all prior Paragraphs of the Complaint.

134.     Defendants deny the allegations in Paragraph 134 of the Complaint.

135.     Defendants admit that Plaintiffs seek the relief set forth in Paragraph 135 of the Complaint, but deny they are entitled to that, or any other, relief. Defendants deny all other allegations in Paragraph 135 of the Complaint.

136.     Defendants admit that Plaintiffs seek the relief set forth in Paragraph 136 of the Complaint, but deny they are entitled to that, or any other, relief. Defendants deny all other allegations in Paragraph 136 of the Complaint.

137.     Defendants deny the allegations in Paragraph 137 of the Complaint.

138.     Defendants deny the allegations in Paragraph 138 of the Complaint.

139.     Defendants deny the allegations in Paragraph 139 of the Complaint.

140.     Defendants admit that Plaintiffs seek the relief set forth in Paragraph 140 of the Complaint, but deny they are entitled to that, or any other, relief. Defendants deny all other allegations in Paragraph 140 of the Complaint.

### <u>COUNT VII</u>
### ABUSE OF LEGISLATIVE AUTHORITY / ULTRA VIRES ACT
### (On behalf of Plaintiffs and the Class)

141.     In response to Paragraph 141 of the Complaint, Defendants restate and incorporate by reference their answers to all prior Paragraphs of the Complaint.

142.     The allegations in Paragraph 142 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 142 of the Complaint.

143.     Defendants deny the allegations in Paragraph 143 of the Complaint.

144.     The allegations in Paragraph 144 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants state that the allegations in Paragraph 144 of the Complaint mischaracterize House Bill 96 and, therefore, Defendants deny the allegations in Paragraph 144 of the Complaint.

145.     The allegations in Paragraph 145 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants state that the allegations in Paragraph 145 of the Complaint mischaracterize House Bill 96 and, therefore, Defendants deny the allegations in Paragraph 145 of the Complaint.

146.     The allegations in Paragraph 146 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants state that the allegations in Paragraph 146 of the Complaint mischaracterize House Bill 96 and, therefore, Defendants deny the allegations in Paragraph 146 of the Complaint.

147.     The allegations in Paragraph 147 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 147 of the Complaint.

148.     Defendants admit that Plaintiffs seek the relief set forth in Paragraph 148 of the Complaint, but deny they are entitled to that, or any other, relief. Defendants deny all other allegations in Paragraph 148 of the Complaint.

149.     In response to the unnumbered WHEREFORE paragraph and its subparts A-F, Defendants deny that Plaintiffs are entitled to any relief whatsoever.

150.     Defendants deny all allegations not expressly admitted above.

## **DEFENSES**

Defendants set forth the following defenses. In pleading these defenses, Defendants do not admit that they bear the burden of proof, production, or persuasion on such defenses. These defenses are based on the claims pled at this time and are based on a limited investigation and discovery to date. Defendants expressly preserve and do not knowingly or intentionally waive any defenses set forth in the Civil Rules or available by statute or common law and reserve the right to amend or add any defenses as their investigation and discovery continue in this matter, or to address any amendments to the pleadings by any party or assertion in any form of other claims.

1.     The Complaint fails to state a claim against Defendants upon which a relief can be granted.

2.     Plaintiffs failed to exhaust any applicable administrative remedies.

3.     This Court lacks subject matter jurisdiction over one or more of Plaintiffs' claims, including those claims that are barred by Defendants' sovereign immunity and those claims for which Plaintiffs lack standing (including because they have caused their own alleged harm).

4.     Plaintiffs' purported class fails on numerosity grounds.

5.     Plaintiffs' purported class fails on commonality grounds.

6.     Plaintiffs' purported class fails on typicality grounds.

7.     Plaintiffs' purported class fails on adequacy grounds.

8.     Plaintiffs' claims are barred by the statute of limitations.

9.     Plaintiffs' claims are not yet ripe.

10.    One or more Defendants are improper parties to this lawsuit.

11.    Defendants reserve the right to rely upon any other defenses that may become available or apparent during discovery in this matter and reserve the right to amend this Answer to assert any such defenses.

WHEREFORE, Defendants, having fully answered Plaintiffs' Complaint, request that the Court dismiss, with prejudice, Plaintiffs' Complaint and all claims alleged therein, that Defendants be awarded their costs, disbursements, and attorneys' fees incurred in the defense of this action, and that Defendants be granted any other relief to which it may be entitled.

Respectfully submitted,

*/s/ Aneca E. Lasley*
Aneca E. Lasley (0072366) (Trial Attorney)
Andrea E. Howell (0101138)
ICE MILLER LLP
250 West Street, Suite 700
Columbus, Ohio 43215
Tel: (614) 462-2700/Fax: (614) 462-5135
Aneca.Lasley@icemiller.com
Andrea.Howell@icemiller.com

Joshua Klarfeld (0079833)
ICE MILLER LLP
600 Superior Ave East, Suite 1600
Cleveland, OH 44114
Tel: (216) 394-5063
Joshua.Klarfeld@icemiller.com

John D. French (#37629-53)
*(Admitted Pro Hac Vice)*
ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN 46282
Tel: (317) 236-2100/Fax: (317) 236-2219
JD.French@icemiller.com

*Special Counsel for Defendants Sheryl Maxfield (in her official capacity as Director of the Ohio Department of Commerce), Akil Hardy (in his official capacity as Superintendent of the Ohio Division of Unclaimed Funds), Robert Sprague (in his official capacity as Ohio Treasurer), and Joy Bledsoe (in her official capacity as Executive Director of the Ohio Facilities Construction Commission)*

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2025, I electronically filed the foregoing with the clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

*/s/ Aneca E. Lasley*
Aneca E. Lasley (0072366)
